**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000431
08-OCT-2025
09:54 AM
Dkt. 162 SO**

NO. CAAP-23-0000431

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DANIEL M. SANDOMIRE; KATY YEN-JU CHEN; TRUDI MELOHN,
individually and as Co-Trustee under the William
Charles Melohn III Revocable Trust dated June 4, 2010
and Co-Trustee under the Trudi Melohn Revocable Trust
dated June 4, 2010; and WILLIAM CHARLES MELOHN III,
individually and as Co-Trustee under the William
Charles Melohn III Revocable Trust dated June 4, 2010
and Co-Trustee under the Trudi Melohn Revocable Trust
dated June 4, 2010, Plaintiffs-Appellees, v.
DAVID EDWARD BROWN and LANHUA KAO BROWN,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151002267)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

Self-represented Defendants-Appellants David Edward
Brown and Lanhua Kao Brown (**the Browns** or **Defendants**) appeal from
the July 11, 2023 Final Judgment entered by the Circuit Court of
the First Circuit[1] (**circuit court**), in favor of
Plaintiffs-Appellees Daniel M. Sandomire (**Sandomire**); Katy Yen-Ju
Chen; Trudi Melohn, individually and as Co-Trustee under the
William Charles Melohn III Revocable Trust dated June 4, 2010 and
Co-Trustee under the Trudi Melohn Revocable Trust dated June 4,
2010; and William Charles Melohn III (**Melohn**), individually and
as Co-Trustee under the William Charles Melohn III Revocable
Trust dated June 4, 2010 and Co-Trustee under the Trudi Melohn

_____

[1] The Honorable Jeffrey P. Crabtree presided.

Revocable Trust dated June 4, 2010 (**Plaintiffs**).

This is the second appeal involving Plaintiffs' challenge to the Browns' construction of a second-floor addition to their residence. In <u>Sandomire v. Brown</u>, 144 Hawaiʻi 314, 439 P.3d 266 (App. 2019), this court vacated a permanent injunction that prohibited the Browns' construction, and remanded for further proceedings based on the court's interpretation of the applicable restrictive covenants.

After remand, the circuit court held an evidentiary hearing and found the Browns' building plans violate the Method 1 and Method 2 height restrictions and the lot area coverage restrictions, and permanently enjoined the Browns' construction.

On appeal, the Browns challenge the circuit court's October 21, 2020 minute order, July 27, 2022 "Findings of Fact, Conclusions of Law, Decision and Order" (**July 27, 2022 Decision**), March 16, 2023 "Order Granting In Part and Denying In Part Plaintiffs' Motion for an Award of Attorneys' Fees and Costs" (**March 16, 2023 Order**), and April 24, 2023 "Order Denying Defendants' Motion for Reconsideration and Motion for Sanctions" (**April 24, 2023 Order**).

The Browns raise the following points of error:

(1) "The Circuit Court erred by not applying the rules of contracts applicable to restrictive covenants" and (a) erred on Method 1 by "overlooking the 672.8 feet[] highest buildable point" on their lot, (b) erred on Method 2 "because the ICA had made a legal determination it was inapplicable" and "it did not apply to home at setback at least one side" and "contradicted five other restrictive covenants on lot coverage[,]" and (c) erred by finding a violation of the lot coverage restriction. (Emphases omitted.)

(2) "The Circuit Court erred by awarding the Appellees' attorneys' fees and costs . . . despite no violation of any Subdivision Document."

(3) "The Circuit Court erred by not awarding Appellants' statutory interest totaling $47,605.05 . . . ."

(4) "The Circuit Court dismissed in error . . . Appellants' Motion for Sanctions . . . ."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Browns' points of error as follows.

A.

Under the Method 1 height restriction, "[n]o portion of any building or other structure, except antennas and chimneys, shall be more than 18 feet above the highest existing ground elevation at the building or structure[,]" Sandomire, 144 Hawaiʻi at 326, 439 P.3d at 278, and this "is determined based on the topography and elevation conditions 'existing' as of the 'as is' date," versus future or changed "topography and elevation conditions resulting from cutting and/or filling done by a lot owner after that date." Id. at 327 n.11, 439 P.3d at 279 n.11.

"[E]xpert testimony may be of assistance to the court in determining *factual* issues concerning whether the Browns' proposed construction would violate the height restriction." Id. at 327 n.12, 439 P.3d at 279 n.12.

The Browns argue that the starting point for the Method 1 height restriction is 672.8 feet, instead of the circuit court's finding of 670.41 feet. However, the Browns did not request any transcripts from the six-day evidentiary hearing, which had testimony by Sandomire, who is an architect and was also qualified as an expert witness, Melohn, Plaintiffs' architectural expert James Reinhardt (**Reinhardt**), David Brown, and Defendants' expert Terry Tusher (**Tusher**).

The circuit court found that "to comply with Method 1, the Brown residence cannot exceed a ground elevation of **688.41 feet** (the relevant starting point of 670.41 feet + 18 feet)" and stated this is based on Plaintiffs' 2021 survey, Bishop Estate's grading plan, Sandomire and Reinhardt's testimony, "the court's own reasonable inferences" and "the lack of contrary credible and concrete evidence." In addition, the circuit court found Tusher's "claimed elevation/grade of 673.71 is not reliable or credible."

The circuit court found that "Defendants' current plans violate the Method 1 height restriction" and noted "Sandomire and Reinhardt both gave expert opinions that the Browns' second story exceeds the Method 1 height restriction by about one (1) foot."

We conclude that the circuit court did not err by finding a violation of Method 1 and that the elevation of 670.41 feet is the starting point to calculate the height restriction.

Without transcripts of the parties' witness and expert testimony, this court must affirm because the Browns failed to provide a sufficient record to review the circuit court's findings of fact. See Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984) ("An appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed."); Schiller v. Schiller, 120 Hawaiʻi 283, 288, 205 P.3d 548, 553 (App. 2009) ("[I]t is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review.").

B.

Method 2 is "unambiguous" and "equally mandatory," but "applies only if the house is built (or to be built) with setbacks greater than required - in other words, only if the house does not extend to the limits of the building area." Sandomire, 144 Hawaiʻi at 327-28, 439 P.3d at 279-80.

The Browns argue that the circuit court should not have applied Method 2 because Sandomire "made a legal determination" it is "inapplicable[.]" (Emphases omitted.) The Browns also contend that Method 2 "did not apply to a home at setback on at least one side" and the circuit court's interpretation "contradicted five other restrictive covenants." (Emphases omitted.)

We conclude that the circuit court did not err on remand by determining the applicability of Method 2, insofar as Sandomire vacated the prior decision "[a]s there are no factual findings supporting the applicability of Method 2" and remanded for further proceedings. 144 Hawaiʻi at 328-29, 332, 439 P.3d at

4

280-81, 284.

The circuit court correctly applied Method 2 because it found that "the structure, both currently and as proposed, 'does not extend to the limits of the building area[,]'" and based on the testimony by Reinhardt, Sandomire, and Brown, "*at minimum* the Brown home does not extend to at least 3 of the 4 setback limits" and "*at most* the Brown home extends to only 1 setback[,]" requiring mandatory compliance with Method 2.

The Browns' arguments that Method 2 only applies when all four setbacks are greater than required, or that Method 2 was abandoned or unenforceable, conflicts with the "unambiguous" text of Method 2, which is "equally mandatory." Sandomire, 144 Hawaiʻi at 327-28, 439 P.3d at 279-80.

Although the Browns challenge the applicability of Method 2, they do not dispute the circuit court's finding that once it applies, their building plans violate Method 2.

C.

Sandomire held that the "lot coverage area restriction" is "unambiguous" and "provides that the area of the building 'under roof and trellis work within the wall lines and/or the outer vertical support members (including balcony railings) of all buildings on the lot,' shall not exceed one-third of the area of the lot." 144 Hawaiʻi at 329, 439 P.3d at 281. The Browns' "total lot area is 9075 square feet" and "3025 square feet" is "one-third of the area of the lot[.]" Id.

On remand, the circuit court found a violation because the proposed "new building exceeds the 3,025 square feet limit as shown by Plaintiffs' expert testimony and Defendants' own plans[,]" which "shows lot coverage of 3,097 square feet -- 72 more than the maximum."

We conclude that the circuit court did not err by finding a violation of the lot coverage area restriction. While the Browns assert various arguments on appeal, the Browns did not provide transcripts of the testimony cited by the circuit court. See Hawaiian Tr. Co. v. Cowan, 4 Haw. App. 166, 172, 663 P.2d 634, 638 (1983) ("[W]e cannot determine that the trial court's

5

findings of fact are clearly erroneous without the transcript of the proceedings."); Sandomire, 144 Hawaiʻi at 329, 439 P.3d at 281 ("[W]e cannot conclude that the Circuit Court erred in relying on the square footage calculations that were actually submitted to, and approved by, the [department of planning and permitting].").

D.

The Browns argue that "[b]ecause the Circuit Court erred on the height and lot coverage covenants, all of its Orders awarding attorneys' fees and costs to the [Plaintiffs] should be reversed."

In light of our decision to affirm the circuit court's findings of a violation of Method 1, Method 2, and the lot area coverage restriction, the circuit court did not abuse its discretion by awarding attorney's fees and costs to Plaintiffs. See Sierra Club v. Dep't of Transp. of State of Hawaiʻi., 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009) ("The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." (brackets omitted) (quoting Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008))).

E.

The Browns argue that after Sandomire vacated the prior award of attorney's fees and costs, the circuit erred by not awarding them "statutory interest totaling $47,605.05" because Plaintiffs "benefitted from holding funds for three-plus years despite a legal obligation to make timely re-payment . . . ."

We conclude that the circuit court did not abuse its discretion by declining to award interest to the Browns. See Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 430, 106 P.3d 339, 353 (2005) ("This court reviews rulings on interest pursuant to HRS §§ 478-3 and 636-16 (1993) for abuse of discretion.").

6

F.

The Browns argue that the circuit court erred in denying their motion for sanctions that sought payment of the Browns' attorney's fees and costs since 2015. The circuit court's April 24, 2023 Order stated the motion for sanctions "is either frivolous or close to it."

We conclude that the circuit court did not abuse its discretion by denying the motion for sanctions. See Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 459 n.7, 903 P.2d 1273, 1280 n.7 (1995) ("[R]egardless whether sanctions are imposed pursuant to HRCP Rule 11 or the trial court's inherent powers, such awards are reviewed for abuse of discretion.").

For these reasons, the circuit court's October 21, 2020 minute order, July 27, 2022 Decision, March 16, 2023 Order, April 24, 2023 Order, and July 11, 2023 Final Judgment are affirmed.

The September 25, 2025 Motion for Retention of Oral Argument, filed by the Browns, is hereby denied. The Browns' October 5, 2025 Motion to Strike is denied as moot.

DATED: Honolulu, Hawaiʻi, October 8, 2025.

On the briefs:

David Edward Brown and
Lanhua Kao Brown,
Self-represented Defendants-
Appellants.

Michael W. Gibson,
Kevin W. Herring, and
Brennan M. Wong
(Ashford & Wriston)
for Plaintiffs-Appellees.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

7